UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDMOND OSCAR WALKER,

Plaintiff,

v.

JUDGE CHASTIAN, et al.,

Defendants.

No.  2:26-cv-0326-TLN-CKD (PS)

ORDER

Plaintiff Armando Rodriguez proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. However, the complaint fails to state a claim and seeks relief against a defendant who is immune from suit. The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint.

I.    **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

**II.     Plaintiff's Allegations**

Defendants are "Judge Chastian," who is a "judicial officer of the Superior Court of California," and the County of Solano. (ECF No. 1, ¶¶ 4-5. Plaintiff alleges the service of a restraining order on a minor child who could not understand it deprived plaintiff and his child of procedural due process. (Id., at ¶¶ 7-8.)

**III.     The Complaint Must be Dismissed**

First, the complaint appears to allege violations of plaintiff's rights and a child's rights, but plaintiff's child is not a party in this case, and plaintiff cannot raise claims on the child's behalf. "While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)). Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns, 114 F.3d at 877.

Second, with limited exceptions, judges are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967); see also, e.g., Mireles, 502 U.S. 9, 12-13 (1991) (upholding absolute immunity for a judge who allegedly ordered that person be arrested with excessive force).

Third, plaintiff fails to state a claim against the only other named defendant, County of Solano. The civil rights statute under which plaintiff sues imposes liability on any "person" who violates an individual's federal rights while acting under color of state law, which includes

municipalities and other local government units. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. at 689-90 (1978). To establish liability for governmental entities under Monell, a plaintiff must prove (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see also Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). Alleging a single instance of improper service of a restraining order fails to state a claim against County of Solano.

## IV.    Conclusion and Order

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

In any amended complaint, plaintiff shall comply with Local Rule 140(a), which instructs as to filings in civil actions to "use initials [instead of full names] … when the specific identity of the minor is not necessary to the action or individual document."

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 walk26cv0326.scrn

3