UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDMOND OSCAR WALKER,

Plaintiff,

v.

JUDGE CHASTIAN, et al.

Defendants.

No.  2:26-cv-0326-TLN-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Edmond Oscar Walker proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for screening. For the reasons set forth below, the undersigned recommends dismissal of this action for failure to state a claim.

I.      Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

////

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

II.     Allegations in the Amended Complaint

Defendants are County of Solano and Judge Chastain, a "judicial officer of the Superior Court of California." (ECF No. 13, ¶¶ 5-6.) Plaintiff alleges he was exonerated of all allegations in Case No. FCR363674 on December 7, 2022. (Id., ¶ 7.) Judge Chastain "utilized the void records of said case to influence civil proceedings, an act Plaintiff alleges was taken in the absence of jurisdiction." (Id., ¶ 8.) Regarding Family Law Case No. FFL160780, there was no valid proof of service on file confirming plaintiff received lawful notice of the proceedings. (Id., ¶ 9.) In October 2025, agents of the County of Solano approached plaintiff at Ridgeview Park and served the legal process directly into the hands of plaintiff's minor child. (Id., ¶ 10.)

Plaintiff alleges the judge exceeded her judicial capacity and acted in the absence of jurisdiction by relying on a void, exonerated criminal record to deprive plaintiff of his constitutionally protected parental rights in violation of his Fourteenth Amendment right to due process of law. (ECF No. 13, ¶ 11.) Plaintiff alleges County of Solano maintains a custom of deliberate indifference by allowing a practice of improper service upon minors rather than lawful notice to the party, which was the moving force behind the alleged violation of plaintiff's due

2

process rights. (Id., ¶ 12.) Plaintiff seeks damages and declaratory relief. (Id., ¶ 13.)

### III.    Discussion

As plaintiff was previously informed, with limited exceptions, judges are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). Plaintiff has not alleged any non-judicial act or act taken in the complete absence of any jurisdiction by the judge.

In addition, as plaintiff was previously informed, alleging a single instance of improper service of a restraining order does not state a claim against County of Solano. To establish liability for governmental entities under Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. at 658 (1978), a plaintiff must prove (1) deprivation of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see also Gant v. Cnty. of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014). Plaintiff's allegations about the existence of any policy, custom, or practice, and its effect, remain conclusory and insufficient.

### IV.    Recommendation

The court previously advised plaintiff of the deficiencies in these claims. (ECF No. 12.) It now clearly appears that granting further leave to amend would be futile. Thus, the amended complaint should be dismissed without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments).

////

////

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Plaintiff's first amended complaint be dismissed without further leave to amend for failure to state a claim.

2.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 walk26cv0326.scrn.fac.fr